

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# Yulianti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yulianti v. Atty Gen USA" (2008). *2008 Decisions.* Paper 223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4807
_____

FNU YULIANTI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Honorable Charles M. Honeyman
(No. A97-478-822)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2008
Decided September 12, 2008
Panel Rehearing Granted and opinion vacated November 5, 2008
Submitted Under Third Circuit LAR 34.1(a) after Panel Rehearing on
November 14, 2008

Before: SLOVITER, STAPLETON and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed : November 17, 2008)

_____

OPINION
_____

PER CURIAM

Yulianti, an Indonesian native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA") vacating the Immigration Judge's ("IJ") grant of asylum relief. Before the IJ, Yulianti stated that she feared persecution based on her Chinese heritage and her practice of Christianity. The IJ found that Yulianti was ineligible for asylum based on her past experiences but determined that she demonstrated a well-founded fear of future persecution based on a pattern and practice of persecution of Chinese Christians in Indonesia. The Government appealed and the BIA, based on our holding in Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), remanded the case to the IJ for a more specific ruling on possible changed conditions in Indonesia since 1999. On remand, the IJ, relying on the 2004 State Department Country Report and 2005 International Religious Freedom Report for Indonesia, issued a decision granting asylum based on a well-founded fear of future persecution. The Government once again appealed to the BIA. The BIA sustained the appeal and ordered Yulianti removed to Indonesia. Yulianti then petitioned this Court for review of the BIA's order.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Whether an applicant has

___

[1] We issued an opinion on September 12, 2008, remanding the matter to the BIA. The remand was based on the mistaken belief, perpetuated in the parties' briefs, that the BIA had failed to employ a three-member panel in reversing the Immigration Judge's ("IJ") decision. See Purveegiin v. Gonzales, 448 F.3d 684, 692 (3d Cir. 2006). The opinion did not reach the merits of Yulianti's application for asylum. Yulianti and the Government then filed a "Joint Petition for Panel Rehearing" in which they agreed that the original BIA decision, issued in August 2007, was issued by a three-member panel and the December 4, 2007 decision (the one member decision) was a mere re-issue of the August decision. We granted the petition for rehearing and vacated our earlier opinion.

2

demonstrated a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard. Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005).[2] For us to disturb the BIA's decision, petitioner must show that the evidence not only supports reversal but compels it. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

To establish a well-founded fear of future persecution, an applicant must demonstrate both subjective and objective fears of persecution. Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006). The applicant may establish the subjective fear prong through credible testimony that her fear is genuine. Id. To show objective fear of persecution, the applicant must show that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Id. (internal quotation and citation omitted). The objective prong is satisfied if the petitioner either shows she would be individually singled out for persecution or demonstrates that "there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." Id., quoting 8 C.F.R. § 208.13(b)(2)(iii)(A). We have held that "to constitute a pattern or practice, the persecution of the group must be systematic, pervasive, or organized." Lie, 396 F.3d at

---

[2] The parties do not dispute the IJ's finding that Yulianti's past experiences in Indonesia did not amount to persecution.

3

537.

The BIA's determination that Yulianti failed to show a pattern or practice of persecution of Christians and ethnic Chinese in Indonesia is supported by substantial evidence. The BIA, in reaching its conclusion, pointed to several findings in the 2004 and 2005 State Department reports indicating that conditions were improving for Chinese Christians in Indonesia. Yulianti argues that the BIA ignored the affidavit of her expert, Dr. Jeffrey Winters, who concluded otherwise. She also takes issue with the BIA's reliance only on portions of the 2004 Report which were unfavorable to her claim. The BIA clearly considered Winters' affidavit and determined that, since it conflicted with the 2004 Report, it was of limited evidentiary value. As we have previously stated, "Country reports . . . are the most appropriate and perhaps the best resource of information on political situations in foreign nations." Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003) (internal quotation and citation omitted). Moreover, while there may be conflicting evidence in the Reports, "[j]ust because the State Department report cuts both ways . . . does not mean that it does not constitute substantial evidence." Kayembe v. Ashcroft, 334 F.3d 231, 236 (3d Cir. 2003).[3] Further, we have recently stated that the 2003 and 2004 Country Reports do not indicate that violence against Chinese Christians

---

[3] Yulianti also contends that the BIA failed to apply the "systematic, pervasive, or organized" standard disjunctively. Yulianti offers no support for her interpretation that each element of the Lie standard must be applied separately. We note, however, that the Lie court did not take such an approach.

is widespread or systematic. See <u>Wong v. Attorney General</u>, 539 F.3d 225, 233 (3d Cir. 2008).[4]

For the above-stated reasons, we will deny the petition for review.

---

[4] Yulianti, in a letter filed pursuant to Fed. R. App. P. 28(j), attempted to distinguish <u>Wong</u> by arguing that in her case, background information had been submitted that provided a counterbalance to information found in the Country reports. We agree that Yulianti did provide some information that discrimination against Chinese Christians persists in Indonesia, but the information is not sufficient to change our holding that the BIA's decision to the contrary is supported by substantial evidence.